OPINION
{¶ 1} Defendant-appellant Larry Ealy appeals from an order of the trial court denying his post-conviction motion to remove a warrant block or dismiss the case. The record does not portray any error in the order or in the proceedings. Accordingly, the order of the trial court from which this appeal is taken is Affirmed. *Page 2 
 I {¶ 2} Ealy was charged with three minor misdemeanors: Failure to Maintain Exterior Premises, in violation of Section 93.46 E of the Revised Code of General Ordinances of the City of Dayton; Illegal Outdoor Storage, in violation of R.C.G.O. 150.335 B; and Parking a Motor Vehicle, in violation of R.C.G.O. 150.350 D. Following a trial, Ealy was found guilty of all three offenses. He was fined $150 on each offense, and court costs were assessed against him. All fines were suspended except for $50 on the first offense. No appeal was taken from Ealy's judgment of conviction.
 {¶ 3} Ten months later, Ealy filed four identical motions, the entire text of each of which is as follows:
 {¶ 4} "The defendant moves to remove warrant block, or dismiss case as a matter of law, because [J]udge [C]annon told him that all cost and fines were vacated.
 {¶ 5} "Also the defendant was wrongfully and willfully given housing citations on property that he was remolding [sic].
 {¶ 6} "Housing inspector David Long was completely out side of his authority when issued [sic] the tickets.
 {¶ 7} "This act or failure to act by the court has caused great annoyances and because I cannot get a drivers license until the warrant block has been lifted by this court.
 {¶ 8} "The defendant has limited funds because he is on disability due to Posttraumatic Stress Syndrome from a prior injury.
 {¶ 9} "The defendant is on SSI-D and cannot afford to pay this court 174.00 dollars to restore his license." *Page 3 
 {¶ 10} Ealy's motion was overruled by the trial court in an entry, the entire text of which is as follows:
 {¶ 11} "Notwithstanding Defendant's assertions set forth in his Motion To Vacate Warrant Block/Dismiss Case, a review of the case file shows this matter went to trial on November 9, 2005, and Defendant was found guilty of all three violations for which he was cited on September 6, 2005.
 {¶ 12} "A further review of the record shows that the Court suspended all but $50.00 in fines imposed on the violations. The Court did not suspend the court costs associated with the filing of the case. As a result of Defendant's failure to pay those fines and costs, the account was referred to an agency for collection.
 {¶ 13} "Upon review of Defendant's motion, and the case file, the Court finds no good cause to suspend said fines and costs and vacate the warrant block issued herein.
 {¶ 14} "Defendant's motion is overruled."
 {¶ 15} From this order, Ealy appeals.
 II {¶ 16} Ealy's sole assignment of error is as follows:
 {¶ 17} "THE TRIAL COURT [IM]PROPERLY DENIED THE DEFENDANT APPELLANT'S REQUEST FOR COMMUNITY SERVICE WORK IN LUE [sic] OF PAYMENT FOR FINES AND COURT COST."
 {¶ 18} The motion overruled by the order from which this appeal is taken was for the removal of a warrant block or for the dismissal of the action against Ealy, not a motion for Ealy to be permitted to perform community service in lieu of payment of fines and costs. But even *Page 4 
if Ealy's motion were deemed to have included a request for community service in lieu of fines and costs, the record portrays no error in this regard.
 {¶ 19} The only legal or procedural error that Ealy asserts is that the trial judge who overruled his motion was biased and prejudiced against him. There is nothing in the record to support this assertion.
 {¶ 20} An appellant has the duty to portray error in the record. Ealy has not satisfied this burden. Ealy's sole assignment of error is overruled.
 III {¶ 21} Ealy's sole assignment of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.
 WOLFF, P.J., and GRADY, J., concur. *Page 1